**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Gloria Carter,<br><br>Plaintiff,<br><br>v.<br><br>Seterus, Inc.,<br><br>Defendant. | Civil Action No.: ______<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Gloria Carter, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

3. Plaintiff, Gloria Carter ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Seterus, Inc. ("Seterus"), is a Michigan business entity with an address of 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025, operating as a collection agency, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5. In or around April 2012, Seterus began calling Plaintiff's cellular telephone numbers 704-xxx-6913 and 708-xxx-7934, in an attempt to reach Plaintiff's adult son, Chris

Carter.

6. At all times mentioned herein, Seterus called Plaintiff's cellular telephone numbers using an automatic telephone dialing system ("ATDS" or "predictive dialer").

7. When Plaintiff answered calls from Seterus, she heard silence and had to wait on the line before she was connected to a live representative.

8. On numerous occasions, Plaintiff informed Seterus that it was calling the wrong number and requested that the calls to her cellular phone numbers cease.

9. Nevertheless, the calls continued.

10. In September 2013, after getting two (2) calls from Seterus within a five (5) minute period, Plaintiff answered a call and spoke with a representative named "Andrew Jones." When Plaintiff again asked that the calls cease, Mr. Jones apologized and told her that he did not have any control over the calls because they were being placed with a dialer.

11. Thereafter, Seterus continued to place automated calls to Plaintiff's cellular telephone numbers.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone numbers using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order,

18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone system(s) have some earmarks of a predictive dialer.

16. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

17. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages; and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 14, 2016

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff